THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN OLSON and GEORGE RUIZ,<br><br>                          Plaintiffs,<br><br>     v.<br><br>TESORO REFINING AND MARKETING COMPANY,<br><br>                          Defendant. | No. CV6-1311-RSL<br><br>**JOINT MOTION FOR ORDER PRELIMINARILY APPROVING SETTLEMENT, AUTHORIZING NOTICE AND SETTING HEARING FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM IN SUPPORT THEREOF**<br><br>NOTE ON MOTION CALENDAR:<br>April 3, 2009 |

## I. INTRODUCTION

The class of plaintiffs certified by this Court and represented by named plaintiffs Brian Olson and George Ruiz and defendant Tesoro Refining and Marketing Company ("Tesoro") (collectively, the "parties"), have reached agreement on a proposed class action settlement of this lawsuit (the "Settlement Agreement" or "Settlement"), subject to appropriate notice to class members, notice to the United States Attorney General and the Attorney General of the State of Washington and every other state where a class member resides as required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, and approval of the Court as required by Fed. R. Civ. P. 23(e). The purpose of this memorandum is to provide the Court with an

JOINT MOTION FOR ORDER APPROVING SETTLEMENT AND
AUTHORIZING NOTICE AND SETTING HEARING - 1
Case No. CV6-1311
1693332.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

outline of the key events contemplated under the Settlement Agreement, together with a review of the law supporting the procedures specified in the Settlement Agreement.

## II. STATEMENT OF FACTS

On September 12, 2006, named plaintiffs Brian Olson and George Ruiz filed this class action lawsuit (the "Complaint"). *See* Docket No. 1. Plaintiffs assert state wage claims on behalf of current and former hourly paid maintenance and operations employees at Tesoro's Anacortes, Washington refinery and allege that Tesoro permitted unpaid work prior to the start and after the end of the paid workday. *Id.* Defendant answered plaintiffs' Complaint on December 7, 2006, by denying plaintiffs' allegations and asserting various affirmative defenses. *See* Docket No. 6.

On April 2, 2007, plaintiffs moved for class certification. *See* Docket No. 13. On May 14, 2007, Tesoro opposed plaintiffs' motion. *See* Docket No. 29. On September 12, 2007, this Court certified the following class:

> All maintenance and operations workers employed by Tesoro Refining and Marketing Company at the Tesoro refinery in Anacortes, Washington, who were paid for work any time between September 12, 2003, to the date the class is certified excluding managerial employees.

*See* Docket No. 58. Three persons timely requested exclusion from the class. *See* Settlement Agreement at 3(b), attached as Exhibit A to Stipulation of Settlement.

After the Court's class certification order, the parties engaged in extensive discovery, including expert discovery. On September 29, 2008, the parties conducted mediation pursuant to this Court's scheduling order and Local Rule 39.1 and thereafter reached agreement on a proposed class action Settlement Agreement. A copy of the parties' signed Settlement Agreement is attached as Exhibit A to the accompanying Stipulation of Settlement. In accordance with the terms of the Settlement Agreement, the parties now jointly move the Court for an Order (a) preliminarily approving the parties' proposed Settlement Agreement; (b) authorizing the parties to distribute notice of the proposed Settlement Agreement to

JOINT MOTION FOR ORDER APPROVING SETTLEMENT AND
AUTHORIZING NOTICE AND SETTING HEARING - 2
Case No. CV6-1311

1693332.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

members of the class; and (c) setting a hearing to determine whether the Settlement Agreement is fair, adequate and reasonable, and whether the Court should enter the parties' proposed Final Judgment and Order Approving Settlement Agreement and Dismissing Class Action ("Final Judgment"). A copy of the parties' proposed form of Final Judgment is attached as Exhibit D to the accompanying Stipulation of Settlement.

### III. ISSUES PRESENTED

Whether the Court should (a) preliminarily approve the parties' proposed Settlement Agreement; (b) authorize the parties to distribute notice of the proposed Settlement Agreement to members of the class; and (c) set a hearing to determine whether the Settlement Agreement is fair, adequate and reasonable, and whether the Court should enter the parties' proposed Final Judgment.

### IV. EVIDENCE RELIED UPON

In support of this Joint Motion for Order Preliminarily Approving Settlement, Authorizing Notice and Setting Hearing for Final Approval of Class Action Settlement ("Joint Motion"), plaintiffs and defendant rely upon this preliminary settlement hearing memoranda, the parties' accompanying Stipulation of Settlement (and Exhibits A through D attached thereto), and the pleadings and files herein. Plaintiffs' counsel Goater and Mark also submit herewith their declarations in support of the proposed settlement.

### V. DISCUSSION

As authority for their Joint Motion, the parties rely upon Fed. R. Civ. P. 23, and the cases and authorities cited herein.

JOINT MOTION FOR ORDER APPROVING SETTLEMENT AND
AUTHORIZING NOTICE AND SETTING HEARING - 3
Case No. CV6-1311
1693332.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

A.  Overview of Settlement Agreement.

For the Court's reference, a copy of the Settlement Agreement is attached as Exhibit A to the accompanying Stipulation of Settlement. Following is an overview of the provisions contained in the Settlement Agreement.[1]

   1.  Introductory Provisions. Paragraphs A-D of the introductory section of the Settlement Agreement (pp. 1-2) contain general descriptions of the parties and this action, plaintiffs' claims and defendant's denials thereof, the extent of discovery through exchange of information and investigation conducted by the parties, the benefits of the proposed Settlement, and the parties' reasons for agreeing to the Settlement.

   2.  Definitions of Key Terms Used in Settlement Agreement. Subparagraphs 1(a)-1(m) of the Settlement Agreement (pp. 2-4) define the key terms used in the Settlement Agreement, including the "Effective Date" of the Settlement Agreement (Subparagraph 1(e)).

   3.  Release of Claims if Settlement Approved. Paragraph 2 of the Settlement Agreement (pp. 3-4) provides for a dismissal of this action with prejudice and a release of all claims asserted in the Complaint if the Settlement is approved by the Court.

   4.  Settlement Awards. Paragraph 3 of the Settlement Agreement (pp. 4-5) specifies the eligibility requirements for membership in the class and payment of settlement awards under the Settlement Agreement, and provides the methodology under which settlement awards will be calculated and paid.

   5.  Payment of Attorneys' Fees and Costs to Plaintiffs' Counsel. Paragraph 4 of the Settlement Agreement (p. 5) specifies that the Court may award plaintiffs' counsel's reasonable attorneys' fees and costs up to a specified maximum of the settlement amount. Under Paragraph 4, defendant is required to make such payments, as approved and awarded

---

[1] The description of the Settlement Agreement contained in this memorandum is intended as a guide only, and is not to be construed as an interpretation or modification of any provision of the Settlement Agreement.

JOINT MOTION FOR ORDER APPROVING SETTLEMENT AND
AUTHORIZING NOTICE AND SETTING HEARING - 4
Case No. CV6-1311
1693332.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

by the Court, within ten (10) business days after the Effective Date of the Settlement Agreement (as defined in Subparagraph 1(e)).

      6.    <u>Settlement Approval Procedures</u>. Paragraph 5 (pp. 5-8) contains a comprehensive set of procedures for addressing all of the steps required for approval and implementation of the parties' proposed Settlement, including the procedures to be used in sending notice to class members and obtaining final Court approval of the settlement. Following is an outline of the key procedural events specified in Paragraph 5 and other provisions of the Settlement Agreement. The outline includes estimated target dates for the key events specified. The actual dates will need to be filled in based on the actual Preliminary Order date.

| <u>Date</u> | <u>Event</u> |
|---|---|
| 4/2/09 | Joint Motion filed. |
| 4/12/09 | Last date to send notice to United States Attorney General and other State Attorney Generals as required by CAFA, 28 U.S.C. § 1715 (10 days after Motion filed). |
| [insert date] | Preliminary Order Issued. Court considers:<br>-- Settlement Agreement;<br>-- Supporting memoranda submitted by parties<br>-- Declarations from Counsel; and<br>-- Stipulation of Settlement, which includes:<br>    Copy of parties' signed October 8, 2008 Settlement Agreement;<br>    Proposed Preliminary Order Authorizing Notice and Setting Hearing for Final Approval of Settlement Agreement;<br>    Proposed mailed notice to Class Members; and<br>    Proposed Final Judgment and Order Approving Settlement Agreement and Dismissing Class Action. |
| [insert date] | Deadline for mailing notice of proposed settlement to class members ("Notice Date") (30 days after Preliminary Order). |

JOINT MOTION FOR ORDER APPROVING SETTLEMENT AND
AUTHORIZING NOTICE AND SETTING HEARING - 5
Case No. CV6-1311
1693332.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

| | |
|---|---|
| [insert date] | Deadline for objections to Settlement (60 days after Notice Date). |
| [insert date] | Final Hearing Date: Court conducts hearing to determine final approval of Settlement Agreement. If Settlement Agreement approved, Court enters Final Judgment and Order Approving Settlement Agreement and Dismissing Class Action ("Final Judgment") (in compliance with CAFA, 28 U.S.C. § 1715(d), which provides that the order giving final approval of the Settlement Agreement shall be filed no earlier than 90 days after furnishing notice to the appropriate federal and state officials, which deadline is [insert date]). |
| [insert date] | Effective Date of settlement (30 days after date of entry of Final Judgment and Order if approved by Court and no appeal is taken). |
| [insert date] | Deadline for processing/payment of settlement awards to eligible class members (10 business days after Effective Date). |
| [insert date] | Deadline for payment of attorneys' fees and costs to plaintiffs' counsel (10 business days after Effective Date). |

7. <u>Miscellaneous Provisions</u>. Subparagraphs 6(a) through 6(s) of the Settlement Agreement (pp. 8-11) contain miscellaneous provisions. These provisions relate to a wide range of issues, including no admission of wrongdoing by the parties, modification of the Settlement Agreement, and various standard contract provisions.

The parties will now turn to a review of the legal standards and principles applicable to preliminary approval of the Settlement Agreement and the other materials filed with the parties' Stipulation of Settlement.

B.   <u>Propriety of Procedures Specified in Settlement Agreement</u>.

Fed. R. Civ. P. 23(e) provides that:

The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal or compromise:

(1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
(2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
(3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
(4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to

JOINT MOTION FOR ORDER APPROVING SETTLEMENT AND
AUTHORIZING NOTICE AND SETTING HEARING - 6
Case No. CV6-1311
1693332.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.
(5) Any class member may object to the proposal if it requires court approval under this subdivision (3); the objection may be withdrawn only with the court's approval.

Courts addressing Fed. R. Civ. P. 23(e) generally have recognized that the purpose of requiring court approval of proposed compromises of class actions is to ensure that the interests of absent class members are being and have been adequately protected. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982), *cert. denied sub nom. Byrd v. Civil Serv. Comm'n*, 459 U.S. 1217 (1983); *Simer v. Rios*, 661 F.2d 655, 664 (7th Cir. 1981), *cert. denied*, 456 U.S. 917 (1982); *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 123 (8th Cir.), *cert. denied*, 423 U.S. 864 (1975). Accordingly, the courts have developed procedures for safeguarding the interests of absent class members. The procedures specified in the Settlement Agreement have been modeled after these procedures to ensure that the requirements of Fed. R. Civ. P. 23 and due process are fully satisfied. Following is a review of the law supporting these procedures.

1. <u>Overview of Settlement Approval Process</u>. Most courts have adopted the recommendation in the Manual For Complex Litigation (3d edition) and follow a two-step process when considering settlements in class action lawsuits. *See, e.g., Armstrong v. Bd. of Sch. Dirs.*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873, 875 (1998); *In re Mid-Atlantic Toyota Antitrust Litig.*, 564 F. Supp. 1379, 1384 (D. Md. 1983); Manual for Complex Litigation Fourth (4th ed. 2004) ("MCL 4th"), § 21.632, at 320; 7B Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1797.5, at 177 (2005) ("Federal Practice and Procedure"); 4 A. Conte and H. Newberg, Newberg on Class Actions § 11.24-11.25 at 35-39 (4th ed. 2002) ("Newberg").

In the first step, the court generally holds a hearing or reviews the parties' motion and materials submitted, in which the parties present the court with the proposed settlement and proposed notice to the class. The purpose of such preliminary review is to avoid the necessity

JOINT MOTION FOR ORDER APPROVING SETTLEMENT AND
AUTHORIZING NOTICE AND SETTING HEARING - 7
Case No. CV6-1311
1693332.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

of notice to the class concerning the settlement if the settlement could not possibly be approved. Newberg § 11.25, at 38-39. "In essence, this determination is similar to a determination that there is 'probable cause' to think the settlement is fair and reasonable." *Alaniz v. California Processors, Inc.*, 73 F.R.D. 269, 273 (N.D. Cal.), *modified*, 73 F.R.D. 289 (N.D. Cal. 1976), *aff'd and appeal dismissed sub nom. Alaniz v. Tillie Lewis Foods*, 572 F.2d 657 (9th Cir.), *cert. denied sub nom. Beaver v. Alaniz*, 439 U.S. 837 (1978); *Armstrong*, 616 F.2d at 314 n.13.

The court's power to approve or reject settlements "does not permit it to modify the terms of a negotiated settlement." *Evans v. Jeff D.*, 475 U.S. 717, 727 (1986). Instead, it may only approve or disapprove the proposal as a whole. *Jeff D. v. Andrus*, 899 F.2d 753, 758 (9th Cir. 1989).

Once the court tentatively approves the settlement, a notice of settlement is sent to the class. Newberg § 11.24, at 35-38. In addition to describing the terms of the settlement, the notice informs class members that there will be a final "fairness hearing" to determine whether the settlement agreement should be approved, and describes the method by which class members can object to the settlement agreement. *See* 5 Moore's Federal Practice § 23.162[3] (Matthew Bender 3d ed.) ("Moore's Federal Practice").

The second step in the settlement approval process is the final fairness hearing. At the fairness hearing, the proponents of the settlement agreement present their evidence supporting approval of the settlement. Objecting parties, if any, also have the opportunity to present to the court their objections to the settlement. MCL 4th § 21.634, at 322. "Even if there are no or few objections or adverse appearances before or at the fairness hearing, the Court must ensure that there is a sufficient record as to the basis and justification for the settlement." MCL 4th § 21.635, at 322. Based on all the information before it, the court then determines whether to approve or disapprove the settlement.

JOINT MOTION FOR ORDER APPROVING SETTLEMENT AND
AUTHORIZING NOTICE AND SETTING HEARING - 8
Case No. CV6-1311
1693332.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

2. <u>Standard for Preliminary Approval of Settlement</u>. Fed. R. Civ. P. 23(e) provides that the standard by which a proposed settlement is to be evaluated is whether the settlement is fundamentally fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2); *see Officers For Justice*, 688 F.2d at 625; Federal Practice and Procedure § 1797.1, at 77; Newberg § 11., at 87-118.

In the process of reviewing a proposed settlement, the court should neither hold trial on the disputed issues of fact nor decide the disputed legal contentions. *Officers For Justice*, 688 F.2d at 624. At the preliminary hearing, the court is only concerned as to whether there is "probable cause" that the settlement is fair, adequate and reasonable. The Manual for Complex Litigation provides the following guideline for tentative court approval of the settlement at this stage:

> Counsel submit the proposed terms of the settlement and the judge makes a preliminary fairness evaluation. In some cases, this evaluation can be made on the basis of information already known, supplemented as necessary by briefs, motions, or informal presentations by parties.

MCL 4th § 21.632, at 320-21.

3. <u>Notice Required To Satisfy Fed. R. Civ. P. 23(e) and Due Process</u>.

a. <u>Method For Giving Notice</u>. Generally, a settlement notice must in substance be reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action, the terms of the settlement, and the opportunity to present objections. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1351 (9th Cir. 1980), *cert. denied sub nom. Sanchez v. Tucson Unified School Dist.*, 450 U.S. 912 (1981); *Mandujano v. Basic Vegetable Prods. Inc.*, 541 F.2d 832, 835 (9th Cir. 1976); *Sweet v. General Tire & Rubber Co.*, 28 FEP Cases (BNA) 804, 809-10 (N.D. Ohio 1982).

Mailing notice of the proposed settlement by first class mail to class members' last known address satisfies the notice requirements of Fed. R. Civ. P. 23(e)(1). *Eisen v. Carlisle*

JOINT MOTION FOR ORDER APPROVING SETTLEMENT AND
AUTHORIZING NOTICE AND SETTING HEARING - 9
Case No. CV6-1311
1693332.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

& *Jacquelin*, 417 U.S. 156, 173-77 (1974); *Zimmer Paper Prods., Inc. v. Berger & Montague, P.C.*, 758 F.2d 86, 90-91 (3d Cir.), *cert. denied*, 474 U.S. 902 (1985).

        b.    <u>Contents of the Notice</u>. The contents of a Fed. R. Civ. P. 23(e) notice are sufficient if they describe the nature of the pending action and the general terms of the settlement, and inform class members that complete and detailed information is available from the court files, and that any class member may appear and be heard at the fairness hearing. *Miller v. Republic Nat'l Life Ins. Co.*, 559 F.2d 426, 429-30 (5th Cir.), *reh'g denied*, 564 F.2d 97 (1977); *In re Four Seasons Securities Laws Litigation*, 525 F.2d 500, 503 (10th Cir. 1975); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 636 (N.D. Cal. 1978), *aff'd*, 645 F.2d 699 (9th Cir.), *cert. denied*, 454 U.S. 1126 (1981); Newberg § 11:30, at 64-65; § 11:53, at 164; MCL 4th § 21.312, at 293-96.

The settlement notice need not include a copy of the settlement agreement. *Handschu v. Special Servs. Div.*, 787 F.2d 828, 833 (2d Cir. 1986); *Grunin*, 513 F.2d at 122. The Manual for Complex Litigation provides the following guideline:

> If the agreement itself is not distributed, the notice must contain a clear, accurate description of the key terms of the settlement and inform class members where they can examine or obtain a copy, such as from the Internet, the clerk's office, class counsel, or another readily accessible source.

MCL 4th § 21.313, at 296.

        c.    <u>Length of Time Between Mailing of Settlement Notice and Deadline for Opting Out</u>. An examination of settlement notices that require a form or response to be submitted by class members show a range of approximately 30-day to 180-day intervals. *See also Armstrong*, 616 F.2d at 310; *Miller*, 559 F.2d at 429-30.

    4.    <u>Objections to the Settlement Agreement</u>.

        a.    <u>Persons Who Have Standing to Object</u>. Fed. R. Civ. P. 23(e) permits only class members to object to settlements. Non-class members have no standing to object. *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989), *cert. denied* 493 U.S. 1058 (1990);

JOINT MOTION FOR ORDER APPROVING SETTLEMENT AND
AUTHORIZING NOTICE AND SETTING HEARING - 10
Case No. CV6-1311
1693332.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

*Jenson v. Cont'l Fin. Corp.*, 591 F.2d 477, 482 n.7 (8th Cir. 1979); *In re Sunrise Sec. Litig.*, 131 F.R.D. 450, 459 (E.D. Pa. 1990); Federal Practice and Procedure § 1797.4, at 167-68; Newberg § 11.55, at 168 ("Any party to the settlement proceeding has standing to object to the proposed settlement.").

      b.   <u>Procedure For Making Objections</u>. "In order to prevent spurious objections to the settlement, the majority of settlements include a mandatory procedure which objectors must follow if their objections are to be considered. The basic format for registering objections generally requests an objector to submit written objections to the court and serve them on counsel for the parties on or before a specific date prior to the settlement hearing. It is unnecessary for objectors to appear personally at the settlement hearing in order to have their written objections considered by the court." Newberg § 11.56, at 181; *see also Mandujano*, 541 F.2d at 835. In this case, the parties have also provided that class members may present their objections in person at the settlement hearing.

## VI. CONCLUSION

The Settlement Agreement between plaintiffs and the defendant includes a comprehensive set of procedures designed to ensure that the parties comply with due process and the requirements of Fed. R. Civ. P. 23. As demonstrated above, similar procedures have been approved by numerous courts and commentators.

Plaintiffs and the defendant have filed with the Court a Stipulation of Settlement that includes a proposed form of all notice and other materials necessary for approval of the Settlement Agreement. The parties respectfully request that the Court enter their proposed Preliminary Order.

DATED this 3rd day of April, 2009.

                                  SCHROETER GOLDMARK & BENDER

                                  By *s/Kathryn Goater*
                                     Kathryn Goater, WSBA No. 09648
                                     William J. Rutzick, WSBA No. 11533
                                     Attorneys for Plaintiffs and Class

JOINT MOTION FOR ORDER APPROVING SETTLEMENT AND
AUTHORIZING NOTICE AND SETTING HEARING - 11
Case No. CV6-1311
1693332.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

LAW OFFICE OF DAVID MARK

By *s/David Mark*
　　David Mark, WSBA No. 13908
　　Attorneys for Plaintiffs and Class

LANE POWELL PC

By *s/Nancy W. Anderson*
　　Rudy A. Englund, WSBA No. 04123
　　Nancy W. Anderson, WSBA No. 23031
　　Mary S. Young, WSBA No. 33173
　　1420 Fifth Avenue, Suite 4100
　　Seattle, Washington 98101-2338
　　206-223-7000
　　Attorneys for Defendant Tesoro Refining and Marketing Company

JOINT MOTION FOR ORDER APPROVING SETTLEMENT AND
AUTHORIZING NOTICE AND SETTING HEARING - 12
Case No. CV6-1311

1693332.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

## CERTIFICATE OF SERVICE

The undersigned, hereby certifies that on April 3, 2009, I electronically filed the foregoing **JOINT MOTION FOR ORDER PRELIMINARILY APPROVING SETTLEMENT, AUTHORIZING NOTICE AND SETTING HEARING FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORADUM IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

David N. Mark, Esq.
Law Office of David N. Mark
810 Third Avenue, Suite 500
Seattle, WA 98104-1619
david@marklawoffice.com

Kathryn Goater, Esq.
William Rutzick, Esq.
Schroeter, Goldmark & Bender, PS
810 Third Avenue, Suite 500
Seattle, WA 98104-1657
goater@sgb-law.com

DATED this 3rd day of April, 2009.

*/s/ J. Wiley*
J. Wiley

JOINT MOTION FOR ORDER APPROVING SETTLEMENT AND
AUTHORIZING NOTICE AND SETTING HEARING - 13
Case No. CV6-1311
1693332.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107