1

2

THE HONORABLE ROBERT LASNIK

3
Kathy Goater (WSBA # 9648)
William Rutzick (WSBA # 11533)
Schroeter Goldmark & Bender
4
810 Third Avenue, Suite 500
Seattle, WA 98104
5
Tel.: (206) 622-8000; Fax: (206) 682-2305

6
David N. Mark (WSBA # 13908)
7
Law Office of David N. Mark
810 Third Avenue, Suite 500
8
Seattle, WA 98104
Tel.: (206) 340-1840; Fax: (206) 340-1846

9

10
UNITED STATES DISTRICT COURT
11
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE
12

13
BRIAN OLSON, and GEORGE
RUIZ, individually and as class          NO.  C06-1311RSL
14
representatives,

15
                                         PLAINTIFFS' SUPPLEMENTAL
                                         MEMORANDUM IN SUPPORT
16
                    Plaintiffs            OF APPROVAL OF
                                         SETTLEMENT
17
        v.

18
TESORO REFINING AND
19
MARKETING COMPANY,

20
                    Defendant.
21

22
        Class counsel seeks an award of fees of $237,500, which represents
23
25% of the $950,000 common fund recovered for the class in this action.
24
Counsel also seeks to recover $45,847.43 in reimbursable costs from the
25

26
common fund.  These amounts are fair and reasonable in light of the benefits

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF APPROVAL OF SETTLEMENT - 1
(CV03-1365)

\\dataserver\civil\160324900\P\SuppMemo-Settlement-032509.doc

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA  98104
(206) 622-8000

obtained by the litigation, the risks assumed by class counsel, and the hours and resources expended by class counsel.

## I.    BACKGROUND

### A.    History of the Litigation

Plaintiffs filed a class action on September 12, 2006, on behalf of maintenance and operations workers employed by Tesoro Refining and Marketing Company at the Tesoro Refinery in Anacortes, Washington, from September 1, 2003 to the date of class certification.  The lawsuit claimed the company violated the Washington State Minimum Wage Act by failing to pay class members for pre- and post-production work.

Tesoro defended the case through experienced counsel Nancy Anderson and Rudy Englund of the Lane Powell firm.  Plaintiffs were successful in overcoming Tesoro's opposition to class certification.  The parties exchanged several thousand pages of paper discovery and documents, retrieved and analyzed voluminous electronic swipe databases, and took nine depositions. The trial date was continued to accommodate continuing discovery, including plant visits, an expert's time study, and the analysis of extensive payroll data.

The parties initially attempted mediation, without success, on September 29, 2008.  The parties resumed settlement negotiations the following week, and reached an agreement on October 8, 2008.

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF APPROVAL OF SETTLEMENT - 2
(CV03-1365)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
(206) 622-8000

**B.    Fees and Expenses Requested by Class Counsel**

Class counsel seeks an award of attorneys' fees of $237,500 which represents 25% of the common fund.  Class counsel also seeks reimbursement from the common fund of $45,847.43 in expenses.

## II.    DISCUSSION

**A.    Legal Standards Governing the Award of Attorneys' Fees**

It is well established that "a private plaintiff, or his attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of his litigation, including attorneys' fees." *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 769 (9th Cir. 1977).  The award of fees in common fund cases is "based on the equitable notion that those who have benefited from litigation should share in its costs." *Florida v. Dunne*, 915 F.2d 542, 545 (9th Cir. 1990); *see also Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003).

In the Ninth Circuit, district courts have discretion to choose between two methods for calculating fee awards in common fund cases: 1) as a percentage of the common fund; or 2) by the lodestar/multiplier method. *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000) (district court permissibly used percentage approach).  Frequently, courts will look to both calculations to guide their discretion.  *See In re Coordinated Pretrial*

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF APPROVAL OF SETTLEMENT - 3
(CV03-1365)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
(206) 622-8000

*Proceedings in Petroleum Products Antitrust Litig.*, 109 F.3d 602, 607 (9th Cir. 1997) (checking lodestar fee against 25% benchmark); *Wing v. Asarco, Inc.*, 114 F.3d 986, 989-990 (9th Cir. 1997) (same).[1]

Regardless of the method used, the court is to be "guided by the fundamental principle that fee awards out of common funds be reasonable under the circumstances." *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1296 (9th Cir. 1994) ("*WPPSS*") (quoting *Florida*, 915 F.2d at 545). Although the percentage method is more appropriate in this case, reference to the lodestar approach also supports the requested fee.

### B. Thirty Percent of the Common Fund Constitutes a Reasonable Fee

Courts often favor the percentage method in cases where a common fund has been created. *See* A. Conte, <u>Attorney Fee Awards</u>, § 2.07 at 44 (2d ed. 1993) ("Conte"); <u>Manual for Complex Litigation Fourth</u> § 14.121 at 187

---

[1] Several courts have observed that courts applying the lodestar method systematically award fees in the same range of percentages (20-30%), regardless of the type of case, duration, benefits to the class, or other factors. *See In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1375 (N.D. Cal. 1989); *Vaszlavik v. Storage Tech. Corp.*, 2000 U.S. Dist. LEXIS 21140 (D. Colo. 2000).

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF APPROVAL OF SETTLEMENT - 4
(CV03-1365)

\\dataserver\civil\160324900\P\SuppMemo-Settlement-032509.doc

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
(206) 622-8000

(2004) ("After a period of experimentation with the lodestar method …, the vast majority of courts of appeals now permit or direct district courts to use the percentage-fee method in common-fund cases.") (citing *WPPSS*, *supra*). Calculating fees as a percentage of the fund rather than using a lodestar analysis offers numerous advantages, including (1) relative objectivity, (2) ease of administration, (3) reduced emphasis on accumulating billable hours, (4) better alignment of client and attorney interests, and (5) use of economic incentives, instead of court-imposed controls, to regulate fees.  Conte, § 2.07 at 44-45; Manual for Complex Litig. 4th § 14.121 at 188; *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 n.5 (9th Cir. 2002).  Circumstances that would favor use of the lodestar method, such as an extraordinarily large common fund, difficulty in determining the monetary value of the common fund, or the need to allocate fees among different sets of counsel, are not present in this case.  Manual for Complex Litig. 4th § 14.121 at 190, § 14.122 at 194; *WPPSS*, 19 F.3d at 1297.

In addition, plaintiffs' claims were based entirely on state law - Washington Minimum Wage Act. In *Bowles v. Department of Retirement Systems*, 121 Wn.2d 52, 72, 847 P.2d 440 (1993), the Washington Supreme Court held that the percentage method, not the lodestar approach, is the proper basis for determining attorneys' fees in a common fund action.  Because the

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF APPROVAL OF SETTLEMENT - 5
(CV03-1365)

\\dataserver\civil\160324900\P\SuppMemo-Settlement-032509.doc

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA  98104
(206) 622-8000

settlement is based on and resolves state law claims, the percentage method favored by the Washington courts should govern the determination of whether counsel's fee request is reasonable.  *Vizcaino*, 290 F.3d at 1047.

In the Ninth Circuit, as in other jurisdictions, "common fund fees commonly range from 20% to 30% of the fund created" and 25% has been established as the "benchmark" figure.  *Petroleum Products Antitrust Litig.*, 109 F.3d at 607; *see also Powers*, 229 F.3d at 1256; <u>Bowles</u>, 121 Wn.2d at 72-73, 847 P.2d at 440.    Factors warranting departure from the 25% benchmark include:  the size of the fund and the number of persons benefited; the contingent nature of the fees; the complexity and duration of the litigation; the complexity and novelty of the issues involved; the time in which the settlement was achieved; the skill and efficiency of the attorneys; and the presence or absence of objections to the settlement terms or fee request. <u>Manual for Complex Litig. 4th</u> § 14.121 at 192-93; *Powers*, 229 F.3d at 1257.

Class counsel requests an award of attorneys' fees of 25% of the common fund.[2]  Counsel believe this fee is appropriate in light of the factors listed above, none of which would warrant any downward adjustment from the 25% benchmark recognized in this Circuit.

---

[2] Requested fees are 25% of the common fund, while fees and costs together amount to 30% of the common fund.

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF APPROVAL OF SETTLEMENT - 6
(CV03-1365)

\\dataserver\civil\160324900\P\SuppMemo-Settlement-032509.doc

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA  98104
(206) 622-8000

1.   **The Size of the Common Fund and the Number of Persons Benefited**

In general, the courts have held that the percentage awarded as attorneys' fees should decline as the size of the common fund increases in order to avoid a windfall for class counsel.  Manual for Complex Litig. 4th § 14.121 at 188; *WPPSS*, 19 F.3d at 1297.  The common fund created by the settlement in this case is relatively modest, and a 25% fee would not create a windfall for class counsel.  At the same time, the settlement will provide for substantial reimbursement of lost wages for the class members.  The class totals 268 members.  The benefits afforded to the class by the settlement support a full 25% attorney fee and favor the 30% combined fee and cost award requested by counsel.

2.   **Class Counsel's Fees Were Contingent Upon Obtaining a Recovery**

Class counsel agreed to represent the class plaintiffs on a purely contingent basis.  Declaration of Kathy Goater ¶¶ 2-3.  The courts have recognized this as a basis for an upward departure from the 25% benchmark. *See Powers*, 229 F.3d at 1257.  The risks of non-recovery were magnified by counsel's agreement to advance all out-of-pocket expenses in the case. Goater Dec. ¶¶ 2-3.

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF APPROVAL OF SETTLEMENT - 7
(CV03-1365)
\\dataserver\civil\160324900\P\SuppMemo-Settlement-032509.doc

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
(206) 622-8000

Despite the substantial risks involved, class counsel decided to commit the time and money necessary to fully prosecute the case. Counsel recognized that no single employee had the financial ability to take on the company, and that the only way for plaintiffs to have their day in court was through contingent fee arrangements. *Id.* The contingent nature of class counsel's recovery justifies the requested fee.

### 3.    The Novelty and Complexity of the Litigation

This case presented a number of novel and complex legal and factual issues. The company contested the factual underpinning of the case (the existence of off the clock work) and resisted certification of the class. Determination of whether pre-shift activities constitute work, i.e. walk time once entering a secure facility, was one of the issues novel to this litigation.

### 4.    The Skill of Counsel

Class counsel are skilled litigators with substantial experience in class actions and complex litigation. Goater Dec. ¶¶10, 13-14. Opposing counsel, Nancy Anderson and Rudy Englund, have extensive experience defending companies from class action and other claims. *Accord, e.g.*, *In re Warner Comm. Sec. Litig.*, 618 F. Supp. 735, 749 (S.D.N.Y. 1985) (quality of opposing counsel is relevant to fee determination). This factor would not support any downward adjustment of the benchmark fee.

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF APPROVAL OF SETTLEMENT - 8
(CV03-1365)

\\dataserver\civil\160324900\P\SuppMemo-Settlement-032509.doc

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
(206) 622-8000

### 5.      The Duration of the Litigation

This case settled two years after it was filed and less than two months

before trial.  No downward departure is warranted under this factor.

### 6.      The Absence of Objections

The fee agreement with the class representatives stated that counsel

would seek reimbursement of costs from the common fund as approved by the

court, and would request a fee based either on hours worked and applicable

hourly rates, including a multiplier if warranted, or a percentage of the

common fund not to exceed 30% of the total settlement or judgment.  Goater

Dec. Exh. D.   The class representatives participated in the settlement

negotiations and concurred in the settlement reached.

### C.      The Lodestar/Multiplier Method Supports the Requested Fee

Courts often confirm the size of percentage fee awards by reference to a

fee calculated using the lodestar/multiplier method.  *See Petroleum Products*

*Antitrust Litig.*, 109 F.3d at 607; *Wing*, 114 F.3d at 989-990.  Calculating class

counsel's fee under the lodestar/multiplier approach shows that the requested

percentage fee award is reasonable.

Courts applying the lodestar/multiplier method begin by obtaining a

"lodestar" value, which is the hours reasonably expended times counsel's

ordinary current rates. *WPPSS*, 19 F.3d at 1294 n.2.  A multiplier is then

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF APPROVAL OF SETTLEMENT - 9
(CV03-1365)

\\dataserver\civil\160324900\P\SuppMemo-Settlement-032509.doc

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA  98104
(206) 622-8000

applied to the lodestar to obtain a reasonable attorneys' fee.  Courts apply multipliers across a broad range based on factors such as the risk of non-recovery, excellence of result, and quality of representation.  *Id.* at 1301-04.

In this case, class counsel's lodestar is $218,552.75.  *See* Goater Dec. ¶¶ 4-9 and 17; Exh. A & B.   Class counsel's reimbursable costs total $45,847.43. *Id.* ¶ 18; Exh. C.   The fee award of $237,500 is 1.1 times counsel's lodestar.  A multiplier of 0.1 is justified by the factors described above, particularly risk, skill and results, confirming the reasonableness of the percentage fee requested in this case.

### 1.     Class Counsel's Lodestar is Reasonable

If an attorney has an established billing rate, that normally will be considered a reasonable rate for the lodestar method.   In this case, class counsel's practice is almost entirely contingent fee in nature, and counsel generally does not have established billing rates.  Goater Dec. ¶ 11.  Under these circumstances, courts consider some or all of the following factors to determine an equitable fee: the novelty and difficulty of the questions involved; the skill necessary to perform the legal services properly; the preclusion of other employment by the attorney due to acceptance of the case; the experience, reputation and ability of the attorneys; and the customary fee for comparably skilled and experienced attorneys in the community.  *See*

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF APPROVAL OF SETTLEMENT - 10
(CV03-1365)

\\dataserver\civil\160324900\P\SuppMemo-Settlement-032509.doc

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA  98104
(206) 622-8000

*Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 838 (9th Cir. 1982); *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976).

The hourly rates requested by counsel are consistent with those of similarly skilled and experienced litigators in the Seattle area, and are similar to rates awarded counsel in other class actions and fee-shifting cases.  Goater Dec. ¶12.  These rates are substantially less than the effective rates that counsel recover in their usual contingent fee cases.  *Id.* ¶ 15.  A high degree of skill was required to litigate this case.  The hours expended by class counsel on this litigation reflect very efficient prosecution of a case of this complexity and duration.  The lodestar fee requested by counsel is reasonable.

### 2.   A Multiplier of 1.1 is Appropriate Based on the Risks Assumed by Class Counsel and the Results Obtained

Class counsel undertook representation of the plaintiffs here in the face of substantial litigation risks, no guarantee of recovery, and the prospect of significant litigation expenses.  Because class counsel could not bill for their time, and because recovery was never certain, they had every reason to work as efficiently as possible.  This provides another "check" on the reasonableness of the hours incurred.

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF APPROVAL OF SETTLEMENT - 11
(CV03-1365)
\\dataserver\civil\160324900\P\SuppMemo-Settlement-032509.doc

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA  98104
(206) 622-8000

In the face of these risks, a multiplier of 1.1 is reasonable.  As the Ninth Circuit has recently noted, "Courts have routinely enhanced the lodestar to reflect the risk of nonpayment in common fund cases."  *WPPSS*, 19 F.3d at 1300.

> It is an established practice in the private legal market to reward attorneys for taking the risk of nonpayment by paying them a premium over their normal hourly rates for winning contingency cases…. Contingent fees that may far exceed the market value of the services rendered on a non-contingent basis are accepted in the legal profession as a legitimate way of assuring competent representation for plaintiffs who could not afford to pay on an hourly basis regardless whether they win or lose…. As the court observed in *Behrens v. Wometco Enter., Inc.*, 118 F.R.D. 534, 548 (S.D. Fla. 1988), *aff'd*, 899 F.2d 21 (11th Cir. 1990), "[i]f this 'bonus' methodology did not exist, very few lawyers could take on representation of a class client given the investment of substantial time, effort, and money, especially in light of the risks of recovering nothing."

*Id.* at 1299-1300 (reversing district court's refusal to award a risk multiplier).

In virtually every common fund case pursued to a reasonably favorable conclusion, plaintiffs' counsel are awarded a substantial multiplier, as long as the multiplier does not cause the fee to consume a disproportionately large percentage of the fund.  *E.g., Behrens*, 118 F.R.D. at 549 (multiplier of 3 is "average;" citing cases).  Courts awarding a fee on a *percentage* basis have readily awarded fees that equate to lodestar multipliers of 1.5 to 3.0 or more.  *E.g., Vizcaino*, 290 F.3d at 1051 n.6 (affirming 3.65 multiplier; citing cases).

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF APPROVAL OF SETTLEMENT - 12
(CV03-1365)

\\dataserver\civil\160324900\P\SuppMemo-Settlement-032509.doc

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA  98104
(206) 622-8000

"The jurisprudence reflects that the average multiplier is 3."  *In re Prudential-Bache Energy Income Partnerships Sec. Litig.*, 1994 U.S. Dist. LEXIS 6621 at *19 n.3 (E.D. La. 1994).

The percentage fee requested is equivalent to a multiplier of 1.1 times the lodestar, much less than is usual in common fund cases.  This multiplier is reasonable given the contingent risks and results in the case and the skill required of class counsel.  The lodestar method confirms the reasonableness of the percentage award requested.

### D.    The Costs Requested by Counsel are Reasonable

Class counsel requests a cost award of $45,847.43.  Goater Dec. ¶ 18, Exh. C.  These include costs of class notice, discovery and expert witness fees, and other routinely billable costs of litigation.  *See Staton*, 327 F.3d at 975 (costs of class notice recoverable from common fund).

### III.    CONCLUSION

For the reasons stated above, the Court should grant an award of attorneys' fees and costs from the common fund in this case in the amount of $283,347.43, comprising of $45,847.43 in costs and $237,500 in fees.

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF APPROVAL OF SETTLEMENT - 13
(CV03-1365)
\\dataserver\civil\160324900\P\SuppMemo-Settlement-032509.doc

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA  98104
(206) 622-8000

DATED this 3rd day of **April, 2009.**

/s/ Kathy Goater
KATHRYN GOATER, WSBA#
9648
WILLIAM RUTZICK, WSBA
#11533
Schroeter Goldmark & Bender
810 Third Avenue, Suite 500
Seattle, WA 98104
Telephone:  (206) 622-8000
Fax:  (206) 682-2305
E-Mail:  goater@sgb-law.com
**Attorneys for Plaintiffs**

/s/ David N. Mark
DAVID N. MARK, WSBA #13908
Law Office of David N. Mark
810 Third Avenue, Suite 500
Seattle, Washington 98104
Telephone:  (206) 340-1840
Fax:  (206) 340-1846
E-mail:  david@marklawoffice.com

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF APPROVAL OF SETTLEMENT - 14
(CV03-1365)
\\dataserver\civil\160324900\P\SuppMemo-Settlement-032509.doc

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
(206) 622-8000

# CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Nancy W. Anderson
Rudy A. Englund
Lane, Powell, P.C.
1420 Fifth Avenue, Ste. 4100
Seattle, WA  98101-2338


/s/ Kathy Goater
KATHRYN GOATER, WSBA# 9648
WILLIAM RUTZICK, WSBA #11533
Schroeter Goldmark & Bender
810 Third Avenue, Suite 500
Seattle, WA 98104
Telephone:  (206) 622-8000
Fax:  (206) 682-2305
E-Mail:  goater@sgb-law.com
**Attorneys for Plaintiffs**

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF APPROVAL OF SETTLEMENT - 15
(CV03-1365)
\\dataserver\civil\160324900\P\SuppMemo-Settlement-032509.doc

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA  98104
(206) 622-8000