UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
BRIAN OLSON and GEORGE RUIZ,           )
                              Plaintiffs,     )
       v.                                                     )
                                      )
TESORO REFINING AND MARKETING    )
COMPANY,                                                    )
                              Defendant.    )
_____)

No. C06-1311RSL

ORDER REQUESTING ADDITIONAL INFORMATION

This matter comes before the Court on the "Joint Motion for Order Preliminarily Approving Settlement, Authorizing Notice and Setting Hearing for Final Approval of Class Action Settlement." Dkt. # 74. Having reviewed the documents submitted by the parties, the Court finds that it needs additional information to determine whether preliminary approval is appropriate. The parties are requested to confer regarding the following issues and submit a joint report to the Court on or before May 1, 2009.

(1) On September 12, 2007, the Court certified a class of:

> All maintenance and operations workers employed by Tesoro Refining and Marketing Company at the Tesoro refinery in Anacortes, Washington, who were paid for work any time between September 12, 2003, to the date the class is certified, excluding managerial employees.

Without acknowledging or justifying the proposed alteration, the parties have submitted documents that redefine the class period so that it runs to the date of settlement, October 8, 2008,

ORDER REQUESTING ADDITIONAL INFORMATION

1  rather than to the date the class was certified. Not only is the new definition of "Class Period"
2  set forth at ¶ 1(c) of the Settlement Agreement inconsistent with the Court's certification order, it
3  is also inconsistent with the definition of "Settlement Class" set forth at ¶ 3(b) of the Settlement
4  Agreement.

5        To the extent the parties intend to alter the nature and scope of the class for
6  settlement purposes, the risk of collusion between the settling parties and the finality of the
7  proceedings require a heightened level of scrutiny to ensure that the expansion is appropriate and
8  that the proposed settlement is fair to all class members, including those who may have no prior
9  notice of this litigation. See Staton v. Boeing Co., 327 F.3d 938, 952 (9th Cir. 2003); Hanlon v.
10 Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998). The Court cannot discern from the present
11 record why the parties are altering the class period, whether the factors set forth in Fed. R. Civ.
12 P. 23 are affected by the change, or whether the proposed thirteen-month extension will have
13 any material effect on the interests of the individual class members. If, for example, the
14 Anacortes facility saw an influx of new maintenance and/or operations workers during that
15 period, the settlement awards to each employee would be adversely affected (assuming the total
16 amount of the settlement did not vary with the number of affected individuals). Additional
17 information is needed to evaluate the appropriateness of altering the class definition and the
18 fundamental fairness of the settlement.

19   (2)  The copy of the Settlement Agreement submitted at Dkt. # 76 does not include the
20 Class List mentioned in ¶ 5(b)(1). Please submit.

21   (3)  The last two sentences in ¶ 5(d) duplicate sentences found in ¶ 5(b)(3), despite the
22 fact that one paragraph deals with distribution of the Notice and the other concerns distribution
23 of the settlement checks. Please clarify.

24   (4)  Paragraph 5(d) purports to prohibit "the Parties" from soliciting written objections
25 to the Settlement Agreement. "The Parties" includes the absent class members. See Settlement
26 Agreement ¶¶ 1(h) and (I). It is not clear how this provision could be enforced against non-party

1 class members who have not yet had the opportunity to accept or reject the proposed settlement.
2 Please comment.

3     (5) The second paragraph of the Notice of Proposed Settlement Agreement indicates that
4 the settlement proceeds will be distributed based on a "settlement formula submitted to the Court
5 for approval." No such formula has yet been submitted. Please clarify when this submission
6 will occur and how, if at all, absent class members will have an opportunity to comment on
7 and/or reject the proposed formula.

8     (6) Counsels' request for fees and costs will be considered at the final settlement
9 approval hearing. The description of that hearing set forth on page 6 of the Notice of Proposed
10 Settlement Agreement should include reference to that issue.

    Dated this 17th day of April, 2009.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REQUESTING ADDITIONAL INFORMATION -3-