THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN OLSON and GEORGE RUIZ, Individually and as Class Representatives,<br><br>Plaintiffs,<br><br>v.<br><br>TESORO REFINING AND MARKETING COMPANY,<br><br>Defendant. | No. CV 6-1311-RSL<br><br>**DEFENDANT'S FINAL SETTLEMENT HEARING MEMORANDUM**<br><br>**FINAL SETTLEMENT APPROVAL HEARING NOTED ON MOTION CALENDAR: Wed., Sept. 16, 2009, 8:30 a.m.** |

## I. INTRODUCTION

Plaintiffs Brian Olson, George Ruiz and the class ("Plaintiffs" or "the class") and Defendant Tesoro Refining and Marketing Company ("Tesoro") (collectively, the "parties"), have reached agreement on a proposed class action settlement of this lawsuit (the "Settlement Agreement"), subject to appropriate notice to class members, notice to the appropriate Attorneys General as required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, and approval of the Court as required by Fed. R. Civ. P. 23(e).

On May 20, 2009, the Court completed the first step in the two-step process of considering approval of the proposed Settlement Agreement. Specifically, the Court entered its Order Preliminarily Approving Class Action Settlement ("Preliminary Order"), which (1) preliminarily approved the parties' Settlement Agreement (Exhibit A to the parties' Stipulation



LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

of Settlement); and (2) approved of the parties' amended form of Notice of Proposed Settlement Agreement ("Settlement Notice") (Exhibit A to Joint Response of Parties to Court's Request for Additional Information); and (3) directed the parties to proceed with the procedural steps necessary to implement the final approval process. The Court also directed the Clerk of Court to set the Final Approval of Class Action Settlement Hearing for September 16, 2009, to determine whether the Settlement Agreement should be finally approved as fair, adequate and reasonable and the case dismissed. For the reasons set forth below, at the final approval hearing on September 16, 2009, the Court should enter an order granting final approval to the Settlement Agreement and dismissing this case with prejudice.

## II. STATEMENT OF FACTS

The parties previously provided an explanation of the terms of the Settlement Agreement in the Joint Motion for Order Preliminarily Approving Settlement, Authorizing Notice and Setting Hearing for Final Approval of Class Action Settlement and Memorandum in Support Thereof ("Preliminary Memorandum"), *see* Docket No. 74, and in the Joint Response of Parties to Court's Request for Additional Information ("Joint Response"), *see* Docket No. 80. That discussion will not be repeated here. In very general terms, the Settlement Agreement provides that Class Members (defined as "all maintenance and operations workers employed by Tesoro . . . at the Tesoro refinery in Anacortes, Washington, who were paid for work any time between September 12, 2003 and September 12, 2007, excluding managerial employees and excluding the three individuals who timely requested exclusion from the Class") will receive a share of the settlement award based on their employment between September 12, 2003 and October 8, 2008. The manner in which settlement awards were calculated for each individual Class Member is set out specifically in the parties' Joint Response. *See* Docket No. 80.

In the Preliminary Memorandum, the parties explained, with citations to supporting authority, the procedures that the parties proposed to follow, with the Court's approval, with



LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

respect to obtaining final approval of the Settlement Agreement and in order to satisfy the notice requirements of Fed. R. Civ. P. 23(e). The Court adopted the procedures that the parties had proposed in its Preliminary Order of May 20, 2009. In compliance with the Preliminary Order, the parties have faithfully implemented those procedures as discussed below.

Pursuant to 28 U.S.C. § 1715 of the Class Action Fairness Act ("CAFA"), counsel for Defendant served notice of the proposed settlement upon the Attorney General of the United States and the Attorneys General for each state in which Settlement Class Members are last known to reside, including Washington state. Such notice was accomplished within ten (10) days after the proposed settlement was filed in this Court. Declaration of Nancy W. Anderson at ¶ 2. Notice included the following documents as required by CAFA, 28 U.S.C. § 1715(b):

a. The Complaint;

b. The parties' Joint Motion for Order Approving Settlement, Authorizing Notice And Setting Hearing for Final Approval of Class Action Settlement and Memorandum in Support Thereof;

c. Notice to Class of Proposed Settlement Agreement;

d. The parties' October 8, 2008 Settlement Agreement;

e. The parties' Proposed Order Preliminarily Approving Class Action Settlement;

f. The parties' proposed Final Judgment and Order Approving Settlement Agreement and Dismissing Class Action;

g. Plaintiffs' Supplemental Memorandum in Support of Approval of Settlement;

h. Declaration of Kathy Goater in Support of Plaintiffs' Supplemental Memorandum for Approval of Settlement;



LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

i. Declaration of David N. Mark re Class Action Settlement;

j. List of Class Members.

*Id.* Accordingly, Defendant's notice complied with the Notice Requirements of CAFA, 28 U.S.C. § 1715(b). On May 4, 2009, a supplemental notice was sent to the Attorneys General containing the Court's April 17, 2009 Order Requesting Additional Information and the parties' May 1, 2009 Joint Response. *See* Anderson Decl., ¶ 3. On June 3, 2009, a supplemental notice was sent to the Attorneys General containing the Court's May 20, 2009 Order Preliminarily Approving Class Action Settlement. *Id.* at ¶ 4.

In compliance with the Court's Preliminary Order, on or about June 18, 2009, the Court-approved Settlement Notice was mailed by first-class U.S. mail to the last known address of each Class Member. *See* Anderson Decl., ¶ 5. The Settlement Notices were specific to each Class Member and included the estimated gross payout amount that each individual Class Member can expect to receive under the terms of the Settlement Agreement. *Id.* A copy of the list of Class Members with the expected gross payout amount for each Class Member is attached the Declaration of Nancy Anderson as Exhibit A. *Id.*, ¶ 5.

In response to the Settlement Notices, and as of the date and time of the filing of this Memorandum, the parties have not received any objections to the Settlement Agreement. *See* Anderson Decl., ¶ 6.

## III. AUTHORITY

Rule 23(e) of the Federal Rules of Civil Procedure, which governs settlements of class actions, provides in relevant part:

> The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
>
> (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
> (2) If the proposal would bind class members, the court may approve it only after a hearing and finding that it is fair, reasonable and adequate.



LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

The requirements of Rule 23(e) have been satisfied and the Court should therefore approve the parties' proposed Settlement Agreement.

**A. The Parties Have Satisfied the Notice Requirements of Rule 23(e)(1).**

As confirmed above, the parties have satisfied the notice requirements of Fed. R. Civ. P. 23(e)(1). *See* Anderson Decl. and Preliminary Order. After the Court preliminarily approved the Settlement Agreement on May 20, 2009, a court-approved notice explaining the proposed Settlement Agreement was provided to all Class Members by first-class U.S. mail sent to the last known address of each Class Member. The Settlement Notices were specific to each Class Member and included the estimated gross payout amount that each individual Class Member can expect to receive under the terms of the Settlement Agreement. *See* Anderson Decl, ¶ 5. Mailing notice of the proposed settlement by first class mail to Class Members' last known address satisfies the notice requirements of Fed. R. Civ. P. 23(e)(1). *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-77 (1974); *Zimmer Paper Prods., Inc. v. Berger & Montague, P.C.*, 758 F.2d 86, 90-91 (3d Cir.), *cert. denied*, 474 U.S. 902 (1985).

**B. The Proposed Settlement Agreement Satisfies Rule 23(e)(2) Because it is Fair, Reasonable and Adequate.**

To comply with Fed. R. Civ. P. 23(e)(2)'s requirement that settlement of a class action receive court approval, the Court has scheduled the September 16, 2009 "fairness hearing" to determine whether the Court should grant final approval to the Settlement Agreement. The standard by which a proposed class action settlement is to be evaluated is whether the settlement is fundamentally fair, adequate and reasonable. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). The Court's determination of whether the settlement is fair, adequate and reasonable involves balancing several factors which may include: the strength of Plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; and the reaction of the class



LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

members to the proposed settlement. *Id.* As discussed below, a review of these factors supports the conclusion that the Settlement Agreement reached by the parties should be approved as fair, reasonable and adequate.

1. <u>The Class Faced a Significant Likelihood That Some or All of Plaintiffs' Claims Would Be Dismissed in the Absence of the Parties' Proposed Settlement</u>. In their Complaint, Plaintiffs allege that Tesoro violated the Washington Minimum Wage Act ("WMWA"), RCW 49.46 *et seq.*, by permitting unpaid work prior to the start and after the end of the paid workday, including time spent by employees traveling from the gate to their trailers within the refinery, donning personal protective equipment, and performing shift changeovers. *See* Complaint for Wage and Hour Law Violations, Docket No. 1. In the absence of the proposed settlement, Class Members faced a significant risk that some or all of their claims would be dismissed.

Specifically, Tesoro contends that had litigation continued, Plaintiffs' claims for recovery of wages related to time spent by operations and maintenance personnel walking or traveling between the main security gate and various locations within the refinery, prior to the start and after the end of the workday, would have been subject to dismissal as a matter of law because such travel time is not compensable "hours worked" under Washington law. *See* WAC 296-126-002(8) and Administrative Policy ES.C.1 and ES.C.2. "Hours worked" is defined under Washington law as "[1] all hours during which the employee is authorized or required by the employer [2] to be on duty [3] on the employer's premises or at a prescribed work place." *See* WAC 296-126-002(8); *see also Stevens v. Brink's Home Security*, 162 Wn.2d 42, 47 n.1, 169 P.3d 473 (2007) (noting that the legislature has not defined hours worked or addressed the compensability of employee travel time and that the appropriate standard for determining whether travel time constitutes "hours worked" under the WMWA is therefore found at WAC 296-126-002(8)). There existed a significant likelihood that had the litigation continued, Plaintiffs' claims for unpaid wages related to the travel time between the



LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

security gate and various locations within the refinery would have failed as a matter of law because Plaintiffs were not "on duty" during the travel time. *See e.g., Anderson v. DSHS*, 63 P.3d 134 (2003) (holding that time spent riding ferry to and from work was not "hours worked" because the employees were not "on duty").

In addition, Tesoro contends that had the litigation continued, Plaintiffs would not have recovered for numerous components of their claims for unpaid wages because the time spent performing various tasks was *de minimis*. First, Plaintiffs would not have been able to recover unpaid wages for time spent donning standard personal protective equipment ("PPE"), e.g., fire retardant coveralls, hard hats, safety goggles, and boots, because the time spent donning the PPE was *de minimis* as a matter of law. *See e.g., Alvarez v. IBP, Inc.*, 339 F.3d 894 (9th Cir. 2003) (establishing that time spent donning and doffing non-unique standard protective gear is *de minimis* as a matter of law and cannot be recovered). In addition, Tesoro contends that the *de minimis* doctrine would also have barred recovery for the time spent by operators performing the shift changeover. *See e.g., Hesseltine v. Goodyear Tire & Rubber Co.*, 391 F. Supp. 2d 509 (E.D. Tex. 2005) (holding that even though shift relief constituted work time under the FLSA, the 10 to 15 minutes per twelve-hour shift spent by employees performing shift exchange was *de minimis* as a matter of law). Finally, Tesoro contends that Plaintiffs' claim for unpaid wages related to the time maintenance employees spent walking from their locker/lunch room to the location of their supervisor after donning their PPE would also have been barred by the *de minimis* doctrine.

As illustrated above, had the litigation continued, Plaintiffs would have faced a significant likelihood that some or all of their claims for unpaid wages under the WMWA would have failed based on either the *de minimis* doctrine or because the time was not "hours worked" under Washington law. Accordingly, the Court should consider this factor as one in favor of approving the parties' Settlement Agreement.



LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

2. The Remaining Factors Support Approval of the Proposed Class Action Settlement. In addition to looking at whether Plaintiffs faced a significant likelihood that some or all of their claims would fail, review of additional factors supports approval of the parties' Settlement Agreement. When the parties reached the proposed Settlement Agreement on October 8, 2008, discovery was complete, expert and rebuttal expert reports had been exchanged, and the parties had analyzed the facts and legal theories related to Plaintiffs' claims and Tesoro's defenses. As such, the terms of the proposed Settlement Agreement reflect a reasonable compromise based on the litigation risks faced by both sides.

Counsel for all parties have recommended the settlement as fair, adequate and reasonable and in the best interest of all concerned. *See* Settlement Agreement, at pp. 1-2, attached as Exhibit A to Stipulation of Settlement. Counsel for both sides have extensive experience litigating class actions, and firmly believe that the proposed Settlement Agreement is a reasonable resolution of this matter. Unless the proposed settlement is approved, the parties will be required to devote considerable time and expense to the litigation of this matter, which could take months or years to complete through trial and any subsequent appeals.

The parties have received no objections to the Settlement Agreement in response to the Settlement Notices that were mailed to Class Members on June 18, 2009. *See* Anderson Decl., ¶ 6. The lack of any objections to the Settlement Agreement strongly suggests that the Class Members believe the Settlement Agreement to be fair, adequate and reasonable and provide strong evidence in favor of the Court's approval of the Settlement Agreement. *See Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1178 (9th Cir. 1977); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 624 (N.D. Cal. 1979).

The Court should also give deference to the parties' negotiated compromise as representative of a compromise of vigorously disputed claims and a practical solution to the claims asserted in Plaintiffs' complaint:



LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

> Compromise is the essence of settlement and the Court should not make the proponents of a proposed settlement justify each term of settlement against a hypothetical or speculative measure of what concessions might have been gained: inherent in compromise is a yielding of absolutes and an abandoning of highest hopes.

*McNary v. American Sav. and Loan Ass'n*, 76 F.R.D. 644, 648 (N.D. Tex. 1977); *accord Boyd*, 485 F. Supp. at 624 ("Compromise is the very nature of settlement."). Finally, there is no question that the parties' proposed settlement was negotiated in good faith at arms' length, and in the absence of collusion.

## IV. CONCLUSION

For the foregoing reasons, as well as those submitted by the parties in conjunction with the Preliminary Memorandum of April 3, 2009, and the Joint Response of May 1, 2009, the Settlement Agreement is "fair, adequate and reasonable" and should be approved by the Court. Defendant Tesoro respectfully requests that the Court enter the parties' proposed Final Judgment and Order approving the settlement agreement and dismissing this case with prejudice.

DATED this September 9, 2009.

LANE POWELL PC

By s/Nancy W. Anderson
Rudy A. Englund, WSBA No. 04123
Nancy W. Anderson, WSBA No. 23031
Mary S. Young, WSBA No. 33173
1420 Fifth Avenue, Suite 4100
Seattle, Washington 98101-2338
206-223-7000
Attorneys for Defendant Tesoro Refining and Marketing Company

**CERTIFICATE OF SERVICE**

The undersigned, hereby certifies that on September 9, 2009, I electronically filed the foregoing **DEFENDANT'S FINAL SETTLEMENT HEARING MEMORANDUM** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

David N. Mark, Esq.
Law Office of David N. Mark
810 Third Avenue, Suite 500
Seattle, WA 98104-1619
david@marklawoffice.com

Kathryn Goater, Esq.
William Rutzick, Esq.
Schroeter, Goldmark & Bender, PS
810 Third Avenue, Suite 500
Seattle, WA 98104-1657
goater@sgb-law.com

DATED this 9th day of September, 2009.

Marian T. Donnelly-Joss
Marian T. Donnelly-Joss



LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107