THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRIAN OLSON and GEORGE RUIZ, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> TESORO REFINING AND MARKETING ) <br> COMPANY, ) <br> ) <br> Defendant. ) <br> ) | No. C06-1311RSL <br><br> **FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT AGREEMENT AND DISMISSING CLASS ACTION** |

This matter came before the Court on the parties' joint motion for approval of the parties' October 8, 2008 Settlement Agreement in this matter. The Court has considered all papers and materials submitted by the parties in support of the proposed Settlement Agreement, including: the Joint Motion for Order Preliminarily Approving Settlement, Authorizing Notice and Setting Hearing for Final Approval of Class Action Settlement and Memorandum in Support Thereof; the parties' Stipulation of Settlement and attached Exhibits A-D; Plaintiffs' Supplemental Memorandum in Support of Approval of Settlement; the Declaration of Kathy Goater in Support of Plaintiffs' Supplemental Memorandum for Approval of Settlement with attached Exhibits A-D; the Declaration of David N. Mark re Class Action Settlement; the Joint Response of Parties to Court's Request for Additional Information with attached Exhibits A & B; the Defendant's Final Settlement Hearing

FINAL JUDGMENT AND ORDER APPROVING
SETTLEMENT - 1

1750061.1

Memorandum; the Declaration of Nancy W. Anderson in Support of the Defendant's Final Settlement Hearing Memorandum with attached Exhibits; and the Declaration of David N. Mark in Support of Final Settlement Hearing.

Having considered these materials, and the statements of counsel at the Final Settlement Approval Hearing on September 16, 2009, and the pleadings and records on file, the Court, being fully advised in the premises, has determined that the proposed Settlement Agreement should be approved as fair, adequate and reasonable. In making this determination, the Court has considered the likelihood of success both with respect to plaintiffs' claims and defendant's defenses. The Court has also considered the status and extent of the parties' investigation, research, and negotiation with respect to plaintiffs' claims and defendant's defenses. The Court has reviewed the terms of the Settlement Agreement and has considered the recommendations of counsel for all parties. The Court is aware that substantial time and expense would be required to litigate each of plaintiffs' claims in the event the proposed Settlement Agreement was not approved. The Court notes that out of a class of approximately 270 class members, no written objections were submitted and no class members appeared at the final hearing to object to the proposed Settlement Agreement. Finally, the Court finds that all settlement negotiations were conducted in good faith and at arms' length, and that there was no collusion. Good cause appearing therefore, it is hereby

ORDERED, ADJUDGED AND DECREED that:

1. The definitions set forth in the parties' Settlement Agreement, and the Court's May 20, 2009 Preliminary Order, are hereby incorporated as though fully set forth in this Final Judgment.

2. The Court has jurisdiction over the subject matter of this Class Action and over all parties to this Class Action, including all members of the following Class:

FINAL JUDGMENT AND ORDER APPROVING
SETTLEMENT - 2

1750061.1

> All maintenance and operations workers employed by Tesoro Refining and Marketing Company at the Tesoro refinery in Anacortes, Washington, who were paid for work any time between September 12, 2003, and September 12, 2007, excluding managerial employees and excluding the three individuals who timely requested exclusion from the Class.

3. The Court hereby approves the Settlement Agreement and finds that it is, in all respects, fair, reasonable and adequate to the Named Plaintiffs and Class Members.

4. On or about June 18, 2009, the Settlement Notice was mailed to the last-known address of all Class Members. The Court finds and concludes that said notice procedures fully satisfied the requirements of Fed. R. Civ. P. 23(e) and the requirements of due process.

5. Consistent with Subparagraphs 6(a) and 6(b) of the Settlement Agreement, neither this Final Judgment, nor the fact or substance of the Settlement Agreement, nor the fact or substance of the Parties' Joint Motion and accompanying pleadings, shall be considered a concession or admission, nor shall they be used against the Released Parties or Releasing Parties as an admission, waiver or indication with respect to any claim, defense or assertion/denial of wrongdoing or legal liability.

6. The Court hereby dismisses this Class Action and any and all Settled Claims. This dismissal is with prejudice as to the Named Plaintiffs and all Class Members except the three individuals who timely opted out of the class (*see* Settlement Agreement, ¶ 3(b)). The dismissal is without costs or attorneys' fees to any party except as provided under the terms of the Settlement Agreement and this Final Judgment.

7. The Court finds that Class Counsels' request for attorneys' fees and costs is fair and reasonable, and thereby approves Class Counsels' request for an award of attorneys' fees in the amount of $237,500 and an award of costs in the amount of $45,847.43, for a total award of attorneys' fees and costs to Class Counsel of $283,347.43, to be paid by defendant as provided in paragraph 4 of the Settlement Agreement.

FINAL JUDGMENT AND ORDER APPROVING
SETTLEMENT - 3

1750061.1

8. The parties are hereby directed to proceed with the settlement payment procedures specified under the terms of the Settlement Agreement, including those contained in Paragraphs 4 and 5 of the Settlement Agreement. The Named Plaintiffs and all Class Members except the three individuals who timely opted out of the class (*see* Settlement Agreement, ¶ 3(b)) are hereby barred and permanently enjoined from maintaining, prosecuting, commencing or pursuing any Settled Claim against the Released Parties, and the Named Plaintiffs and all Class Members shall be conclusively deemed to have released and discharged the Released Parties from any and all Settled Claims. The three individuals who opted out in response to the original class notice may pursue their own individual remedies, if any.

9. The Court finds that mailing the Settlement Notice via first class U.S. mail to each individual Class Members' last known address provided the best notice practicable under the circumstances. Said notice provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the proposed Settlement Agreement, and the procedure for submitting objections to the Settlement Agreement to all persons entitled to such notice, and said notice fully satisfied the requirements of Fed. R. Civ. P. 23 and the requirements of due process. The Declaration of Nancy W. Anderson confirms that the notice was mailed in accordance with the terms of the Settlement Agreement and the Court's Preliminary Order.

10. The Court finds that the Defendant complied with the notice requirements of the federal Class Action Fairness Act ("CAFA"), as set forth in 28 U.S.C. § 1715(b). The Court further finds that the hearing at which the parties obtained final approval of the proposed settlement was set no earlier than ninety (90) days after the later of the dates on which the federal and state officials were served in compliance with the CAFA, 28 U.S.C. § 1715(d).

FINAL JUDGMENT AND ORDER APPROVING
SETTLEMENT - 4

1750061.1

11. The Court retains jurisdiction of this matter for purposes of overseeing the implementation, administration and enforcement of the Settlement Agreement.

12. In the event that the Settlement Agreement does not become effective as provided under its terms, this Final Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered in connection therewith shall be vacated and rendered null and void.

IT IS SO ORDERED this 16th day of September, 2009.

*[signature]*
Hon. Robert S. Lasnik
United States District Judge

Jointly Presented by:

| SCHROETER GOLDMARK & BENDER | LANE POWELL PC |
|---|---|
| By *s/Kathy Goater* <br>   Kathy Goater, WSBA No. 09648 <br>   William J. Rutzick, WSBA No. 11533 <br> Attorneys for Plaintiffs and Class | By *s/Nancy W. Anderson* <br>   Rudy A. Englund, WSBA No. 04123 <br>   Nancy W. Anderson, WSBA No. 23031 <br>   Mary S. Young, WSBA No. 33173 <br>   1420 Fifth Avenue, Suite 4100 <br>   Seattle, Washington 98101-2338 <br>   206-223-7000 <br> Attorneys for Defendant Tesoro Refining and Marketing Company |

LAW OFFICE OF DAVID MARK

By *s/David Mark*
   David Mark, WSBA No. 13908
Attorneys for Plaintiffs and Class

FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT - 5

1750061.1